12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James CRAIGHEAD, Defendant-Appellant.
 No. 93-5521.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion for a sentence modification filed pursuant to 18 U.S.C. Sec. 3582(c). In 1990, James Craighead pleaded guilty to one count of conspiracy to distribute, and possession with the intent to distribute, five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. Secs. 841(b)(1)(A) and 846. The district court sentenced Craighead to a 120 month term of imprisonment. In keeping with the terms of the plea agreement, Craighead did not challenge the judgment or sentence directly or collaterally.
 
 
 3
 In 1993, Craighead filed a Sec. 3582(c) motion for a sentence correction or modification based on a change in the sentencing guidelines. The district court denied the relief sought, after reconsideration of an earlier decision denying the motion, and this appeal followed. The parties have briefed the issues; Craighead is proceeding without benefit of appellate counsel.
 
 
 4
 The relevant facts (as taken from the uncontested presentence report) appear as follows: In 1989, Craighead entered into an arrangement with Ricky Joe Jones in which Jones would supply Craighead with small quantities of cocaine for resale. Jones was later arrested for his illegal activities. Shortly thereafter, Craighead responded to a request from Jones's wife to retrieve a hidden cache of cocaine (7 kilograms), sell it and take the proceeds to Mrs. Jones. Craighead quickly sold 1/2 kilogram of the cocaine and returned the money to Mrs. Jones, who was apprehended by authorities. Mrs. Jones then asked Craighead to surrender the remainder of the cocaine to law enforcement personnel. Craighead later surrendered approximately 5.24 kilograms of cocaine, but refused to divulge the name of the dealer with whom he had left the unaccounted for 1.26 kilograms. At sentencing, counsel for Craighead made a somewhat oblique argument that Craighead should only be held accountable for the amount of cocaine that was never retrieved instead of the entire amount. Craighead's guideline sentence, however, was calculated with reference to the entire 7 kilograms of cocaine pursuant to U.S.S.G. Sec. 1B1.3(a)(1), the relevant conduct guideline.
 
 
 5
 Craighead's 18 U.S.C. Sec. 3582(c) motion is based on the premise that a post-conviction amendment to the relevant conduct portion of the guidelines (Amendment 439, effective November 1, 1992) requires the recalculation of the sentence. The pertinent text is, in effect, an admonition to the sentencing court that the scope of criminal activity for each member of a criminal enterprise is not necessarily the same for each member regardless of any broadly worded indictment to the contrary. Craighead contends that this amendment means that he is entitled to have his sentence recalculated to reflect his culpability only for the unaccounted for 1.24 kilograms of cocaine.
 
 
 6
 Craighead's motion is patently meritless. Title 18 U.S.C. Sec. 3582(c) permits a district court, upon a motion for modification, to reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. However, Sec. 3582(c) provides that a district court may grant a sentence reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. Sec. 1B1.10(d), p.s. (Nov. 1990), sets forth the amendments to the guidelines that are to be applied retroactively for purposes of 18 U.S.C. Sec. 3582(c). U.S.S.G. Sec. 1B1.10(a), p.s., explicitly provides that retroactive application of any guideline other than those listed in Sec. 1B1.10(d), p.s., is not consistent with the policy statement. The amendment at issue in the present appeal, Amendment 439, is not found in the list of retroactive amendments. This argument lacks merit.
 
 
 7
 In addition, a cursory reading of the unchallenged facts contained in the presentence report reveals that, regardless of the profit actually realized by the parties, Craighead took a direct role in a scheme to sell 7 kilograms of cocaine at the behest of Mrs. Jones. The trial court properly calculated Craighead's sentence under U.S.S.G. Sec. 1B1.3 using a figure gleaned from the uncontested narrative of the transaction, not merely on some "broadly worded indictment." Thus, the motion was properly denied regardless of the applicability of Amendment 439.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.